UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**ZENITH CAREX INTERNATIONAL LIMITED**,
10 Langtang Close, Foto House
Tafawa Balewa Close, Area 3 Garki,
Abuja, Nigeria,

      Plaintiff,

v.

**CHEMONICS INTERNATIONAL, INC.**,
d/b/a SAII Associates Ltd/Gte.
1275 New Jersey Avenue, SE
Washington, DC 20003

      Defendant

_____/

CASE NO.: _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

# Exhibit 8

DATED

MARCH 2022

SETTLEMENT DEED AND RELEASE

Between

**SAII Associates Ltd/Gte
(An associate company of Chemonics International Inc.)**

And

**Zenith Carex International Ltd**

**Exhibit 8
Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

# CONTENTS

**CLAUSE**

1. Definitions and interpretation ........................................................................................... 3
2. Effect of this Deed ............................................................................................................ 3
3. Parties' Obligations .......................................................................................................... 3
4. Payment ............................................................................................................................ 3
5. Dismissal of action ........................................................................................................... 4
6. Release .............................................................................................................................. 4
7. Agreement not to sue ....................................................................................................... 4
8. Costs ................................................................................................................................. 4
9. Warranties and Authority ................................................................................................. 5
10. Indemnities ....................................................................................................................... 5
11. No admission .................................................................................................................... 5
12. Severability ...................................................................................................................... 5
13. Entire Agreement ............................................................................................................. 5
14. Confidentiality ................................................................................................................. 6
15. Governing law .................................................................................................................. 6
16. Jurisdiction ....................................................................................................................... 6
17. Co-operation ..................................................................................................................... 6
18. Counterparts ..................................................................................................................... 7
19. Variation ........................................................................................................................... 7



1



**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

THIS SETTLEMENT DEED AND RELEASE is dated        March 2022.

**Parties**

(1) **SAII ASSOCIATES LTD/GTE**, a company registered under the Nigerian law (as a subsidiary of Chemonics International, Inc. "**Chemonics**") with its principal place of business at Floor 01, 23 Ibrahim Tahir Lane, Cadastral Zone BO5, Utako Abuja (referred to as "**SAII**").

(2) **ZENITH CAREX INTERNATIONAL LTD**, a company registered under the Nigerian law with its principal office is at 10 Langtang Close, Foto House, Area 3 Garki, Abuja, Federal Capital Territory, Nigeria (referred to as "**Zenith**").

SAII and Zenith shall be referred to as the "**Parties**" for purposes of this Deed

**Background**

(A) By the Indefinite Delivery/Indefinite Quantity Subcontract Agreement dated 23 June 2017 ("**Subcontract**"), SAII engaged Zenith as a subcontractor to provide services in support of:

   i) The Global Health Supply Chain Program – Procurement and Supply Management Contract between Chemonics and the United States Agency for International Development ("**USAID**"); and

   ii) The contract between the Global Fund to Fight AIDS, Tuberculosis and Malaria (the "**Global Fund**") and Chemonics in support of Global Fund's development program against AIDS, tuberculosis, and malaria in Nigeria.

(B) Disputes have arisen between the Parties under the Subcontract which:

   i) the Parties have – by a claim and a counterclaim – submitted to the American Arbitration Association under case number 01-21-0002-6422 ("**Arbitral Proceedings**"); and

   ii) Zenith has submitted petitions dated 9 February 2021, and 1 February 2022 to the Economic and Financial Crimes Commission, and a petition dated 27 August 2020 to the Federal Ministry of Health ("**Zenith Petitions**").

   iii) SAII has submitted a petition dated 15 February 2022 to the Economic and Financial Crimes Commission ("**SAII Petition**").

(Both the Arbitral Proceedings, the Zenith Petitions and any other controversies arising under or relating to the Subcontract are referred to as "**Disputes**").

2




**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

(C) The Parties have settled their differences and have agreed terms for the full and final settlement of the Disputes. The terms of settlement as contained in this deed are binding on the Parties.

**AGREED TERMS**

1. **Definitions and interpretation**

   In this Deed, unless the context otherwise requires, the following words and expressions have the following meanings:

   **Related Parties** means a Party's parent (including Chemonics), subsidiaries, assigns, transferees, representatives, principals, agents, officers, or directors.

   **Zenith Bank Account** means account number 1011476596 in the name of Zenith Carex International Ltd with Zenith Bank Plc.

2. **Effect of this Deed**

   Unless and until the conditions in clause 4.2 are performed, this Deed shall be of no effect.

3. **Parties' Obligations**

   Each Party without admission of liability for any alleged breach whatsoever, or any wrongful, unlawful, unjust or any like conduct, undertakes to release the other Party and its Related Parties of all obligations and liabilities arising from any of the Disputes and the Subcontract.

4. **Payment**

   4.1 Without any admission of liability, SAII agrees to pay the gross sum of ₦120 million (one hundred and twenty million Naira) ("**Settlement Sum**") as full and final resolution of all Disputes and claims that may be made or asserted by, on behalf of, or relating to Zenith under the Subcontract. SAII shall, within 30 days of the date of this Deed, pay the Settlement Sum to Zenith by way of bank transfer to Zenith Bank Account.

   4.2 The Parties agree that the conditions for the Settlement Sum shall be as follows:

   a) Zenith shall within seven days from this Deed irrevocably withdraw the Zenith Petitions from the Economic and Financial Crimes Commission and the Federal Ministry of Health and forever discharge SAII and the Related Parties of any wrongdoing.

3




**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

b)  SAII shall within seven days from this Deed irrevocably withdraw the SAII Petition from the Economic and Financial Crimes Commission and forever discharge Zenith of any wrongdoing.

5.  **Dismissal of action**

The Arbitral Proceedings shall be dismissed with no order as to costs and the Parties consent to and shall take all necessary steps for the proceedings to be dismissed in accordance with this Deed.

6.  **Release**

This Deed is in full and final settlement of, and each Party releases and forever discharges, all and any actions, claims, rights, demands and set-offs, whether in this jurisdiction or any other, whether or not presently known to the Parties or to the law, and whether in law or equity, that it, its Related Parties or any of them ever had, may have or hereafter can, shall or may have against the other Party or any of its Related Parties arising out of or connected with:

(a)  the Disputes;

(b)  the underlying facts relating to the Disputes;

(c)  any agreement between or act by the Parties or their Related Parties or any of them; and

(d)  any other matter arising out of or connected with the relationship between the Parties.

(Collectively the "**Released Claims**").

7.  **Agreement not to sue**

7.1  Each Party agrees on behalf of itself and on behalf of its Related Parties not to sue, commence, voluntarily aid in any way, prosecute, or cause to be commenced or prosecuted against the other Party or its Related Parties any action, suit or other proceedings concerning the Released Claims, in this jurisdiction or any other.

7.2  clause 6 and 7.1 shall not apply to, and the Released Claims shall not include, any claims in respect of any breach of this Deed.

8.  **Costs**

8.1  The Parties shall each bear their own legal costs in relation to the Disputes and this Deed.

8.2  This clause 8 supersedes and overrides any and all previous agreements between the Parties and any court order regarding the legal costs in relation to the Disputes and the Arbitral Proceedings and in relation to this Deed (including the implementation of all matters provided by this Deed).

## 9. Warranties and Authority

9.1  Each Party warrants and represents that it has not sold, transferred, assigned, or otherwise disposed of its interest in the Released Claims.

9.2  Each Party warrants and represents to the other with respect to itself that it has the full right, power, and authority to execute, deliver and perform this Deed.

## 10. Indemnities

Each Party hereby indemnifies, and shall keep indemnified, the other Party against all costs and damages (including the entire legal expenses of the Parties) incurred in all future actions, claims and proceedings in respect of any of the Released Claims which it or its Related Parties or any of them may bring against the other Party or its Related Parties or any of them.

## 11. No admission

This Deed is entered into in connection with the compromise of disputed matters and in the light of other considerations. It is not and shall not be represented or construed by the Party as, an admission of liability or wrongdoing on the part of either Party to this Deed or any other person or entity.

## 12. Severability

If any provision or part-provision of this Deed is or becomes invalid, illegal or unenforceable, it shall be deemed modified to the minimum extent necessary to make it valid, legal and enforceable. If such modification is not possible, the relevant provision or part-provision shall be deemed deleted. Any modification to or deletion of a provision or part-provision under this clause shall not affect the validity and enforceability of the remaining provisions rest of this Deed.

## 13. Entire Agreement

13.1  This Deed constitutes the entire agreement between the Parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations, and understandings between them, whether written or oral, relating to its subject matter.




**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

13.2    Each Party agrees that it shall have no remedies in respect of any statement, representation, assurance, or warranty (whether made innocently or negligently) that is not set out in this Deed. Each Party agrees that it shall have no claim for innocent or negligent misrepresentation or negligent misstatement based on any statement in this Deed.

14.    **Confidentiality**

The terms of this Deed, and the substance of all negotiations in connection with it, are confidential to the Parties and their advisers, who shall not disclose them to, or otherwise communicate them to, any third party other than:

(a)    to the Parties' respective auditors, insurers and lawyers on terms which preserve confidentiality.

(b)    pursuant to an order of a court of competent jurisdiction or pursuant to any proper order or demand made by any competent authority or body where they are under a legal or regulatory obligation to make such a disclosure.

(c)    as far as necessary to implement and enforce any of the terms of this Deed.

For the avoidance of doubt, nothing in this clause 14 prevents the Parties from making a disclosure to a regulator regarding any alleged misconduct, wrongdoing or serious breach of regulatory requirements, or making a disclosure to any law enforcement agency regarding an alleged criminal offence or co-operating with any law enforcement agency regarding a criminal investigation or prosecution.

15.    **Governing law**

This Deed and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the laws of Federal Republic of Nigeria.

16.    **Jurisdiction**

Each Party irrevocably agrees that the courts of Nigeria shall have non-exclusive jurisdiction to settle any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with this Deed or its subject matter or formation.

17.    **Co-operation**

The Parties shall deliver or cause to be delivered such instruments and other documents at such times and places as are reasonably necessary or desirable and shall take any other action reasonably requested by the other Party for the purpose of putting this Deed into effect.

**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

18. **Counterparts**

18.1 This Deed may be executed in any number of counterparts, each of which when executed and delivered shall constitute a duplicate original, but all the counterparts shall together constitute the one Deed.

18.2 Transmission of an executed counterpart of this Deed (but for the avoidance of doubt not just a signature page) by email (in PDF, JPEG or other agreed format) shall take effect as delivery of an executed counterpart of this Deed. If this method of delivery is adopted, without prejudice to the validity of the Deed thus made, each Party shall provide the others with the original of such counterpart within seven days of completion.

18.3 No counterpart shall be effective until each Party has executed and delivered at least one counterpart.

19. **Variation**

No variation of this Deed shall be effective unless it is in writing and signed by the Parties.

This document has been executed as a Deed and is delivered and takes effect on the date stated at the beginning of it.

Executed as a Deed by **SAII ASSOCIATES LTD/GTE**
acting by one/two directors and/or its secretary

Name:   Rebecca Logan
Director

Name   William Keller
Director or Secretary

**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**

Executed as a Deed by **ZENITH CAREX INTERNATIONAL LTD** acting by one/two directors and/or its secretary

..........................
Name ADELANA OLAMILEKAN
Director

..........................
Name OMOLAYO LUKAS
Director or Secretary

**Exhibit 8**
**Zenith Carex In'l. Ltd v. Chemonics Int'l. Inc.**